UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BENJAMIN FRANKLIN RILEY, IV,            )
                                        )
     Plaintiff,                         )
                                        )
vs.                                     )    CV-97-S-0327-NE
                                        )
                                        )
MUSIC TELEVISION, ET AL.,               )
                                        )
     Defendants.                        )

ENTERED
FEB 18 1997

## MEMORANDUM OPINION

Benjamin Franklin Riley, IV, plaintiff, instituted this pro se action by submitting a complaint to the Clerk of the Court. Plaintiff names as defendants Music Television; Tony DiSanto, a liaison for the Mafia; Robert Morgenthau, the District Attorney for New York County; and MTV's Bruno Scarfa friends.

Plaintiff alleges as the basis for the relief he seeks that his wife, Daisy Fuentes Riley, is being unlawfully detained by MTV, their mafia friends, and defendant Morgenthau. He states that she is being detained in order to keep her wealth away from plaintiff and the attorneys that he would hire to represent them. Plaintiff states further that as a result of this unlawful detainment, his wife has been subjected to much mental strain and sexual abuse and that she has been illegally forced to work by criminal coercion "including sexually abusive TV shows and nudie photos against her will". He states that she is being unlawfully detained without due process of law and that it is in her best interest that she be

FEB-18-97 TUE 05:20 PM   US DISTRICT COURT HSV        FAX NO. 5510741              P.04

given over to him. He seeks custody of Daisy Fuentes Riley.

Plaintiff has submitted an affidavit of poverty. Plaintiff is indigent; the Clerk is therefore DIRECTED to file this action without prepayment of a fee. This action is also before the Court for a frivolousness determination pursuant to 28 U.S.C. § 1915(e).

In order to protect a *pro se* litigant's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984); Watson v. Ault, 525 F.2d 886, 891 (5th Cir. 1976). A *pro se* complaint should not be dismissed as frivolous unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983). In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Supreme Court stated that "[a] complaint is frivolous 'where it lacks an arguable basis either in law or in fact.'" The Supreme Court also stated that under 28 U.S.C. § 1915, judges are accorded "not only the authority to dismiss a claim based on an indisputable meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, supra.

The court notes for the record that Daisy Fuentes is a performer who regularly appears on the television network, MTV. This claim is so incredible and fantastic that it is frivolous

FEB-18-1997  17:18             5510741                              P.004

within the meaning of 28 U.S.C. § 1915(e) and *Denton v. Hernandez*, 504 U.S. 25 (1992). As the Supreme Court has stated:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," [*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)], a category encompassing allegations that are " fanciful, " *id.*, at 325, "fantastic," *id.*, at 328, and "delusional," *ibid*. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

*Denton v. Hernandez*, 504 U.S. at 32-33. This claim is so clearly baseless and wholly unbelievable that it should be dismissed as frivolous. Plaintiff's allegations that he is married to Ms. Fuentes and that she is being held against her will by the Mafia and the Manhattan Distrist Attorney are examples of factual assertions that are "delusional" and "fantastic."

This action is hereby DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e).

The Clerk is DIRECTED to serve a copy of this Order upon plaintiff.

DONE this __18th__ day of February, 1997.

C. Lynwood Smith, Jr.
United States District Judge